UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25bk14257 |
| | ) | |
| James M. Mooney, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |
| | ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING TO GREGORY K. STERN, MONICA C. O'BRIEN, DENNIS E. QUAID AND
RACHEL S. SANDLER, ATTORNEYS FOR DEBTOR, FOR ALLOWANCE AND PAYMENT
OF <u>FINAL</u> COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 11,705.00 | TOTAL COSTS REQUESTED: | $ 313.00 |
| TOTAL FEES REDUCED: | $ 3,233.75 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 8,471.25 | TOTAL COSTS ALLOWED: | $ 313.00 |

TOTAL FEES AND COSTS ALLOWED: $8,784.25

The court notes that the Debtor has objected to the application allowed in part herein. This order resolves that objection. In so doing, the court notes that the fees requested are disproportionately high for a chapter 13 case of no apparent complexity where counsel withdrew after a short period of time. In this District, the court allows a set fee of $5,500 per case for counsel who participate in the court's Court Approved Retention Agreement process. As that does not dictate what is reasonable in any given case but rather effectuates an average across cases, counsel who believe the Court Approved Retention Agreement process will not accurately reflect their efforts in a given case are always free to apply for compensation by the process utilized by counsel here. It does, however, call into question what justifies fees that more than double that standard in a case of limited duration (at least as far as counsel's involvement).

The court notes that counsel's hourly rate is the main contributing factor to the amount of the fees. Counsel's rates are nearly double the hourly rate of most debtor's attorneys appearing in simple chapter 13 cases before the court. However, as the court is not generally in the role of protecting debtors from their bad business choices, the court will not reduce the hourly rate applicable here. Though high, the rate in question is not outside the range of reasonableness and by the documentation submitted to the court, it appears that counsel's rate was disclosed to the Debtor in the retention agreement which was fully agreed to by the Debtor.

Here, while the court reduces the fees requested in accordance with its normal fee review process, it therefore makes no other reductions. As to those normal reductions, the attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

1

(1)      <u>Unauthorized Work – TOTAL of disallowed amounts $ 780.00</u>

The Court denies the allowance of compensation for work done prior to the authorization of retention. *In re Spanjer Bros., Inc.*, 203 B.R. 85, 94 (Bankr. N.D. Ill. 1996) (Squires, J.) ("The Court will not retrospectively allow any of the time expended prior to the time of the authorized retention because to do so would be to reward any delay or tardiness in promptly seeking retention. To allow bootstrapping of objected to fees paid at the expense of unsecured creditors undermines the policy in favor of prompt application for retention by professionals who will be seeking compensation from the bankruptcy estate. *See generally* 11 U.S.C. § 327 (prerequisite to the allowance of any fees or expenses that professional be employed); *In re Peoples Sav. Corp.*, 114 B.R. 151, 154 (Bankr. N.D. Ill. 1990) ('In the absence of a court order approving the Applicant's employment, there is no statutory basis upon which the Court can make a fee award.')").

(2)      <u>Lumping – TOTAL of disallowed amounts (10% of affected entries): $ 104.00</u>

The Court may impose a ten percent penalty on entries that appear to be "lumping." The Court will reduce each entry marked as such per the penalty. *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

(3)      <u>Unreasonable Time – TOTAL of disallowed amounts: $ 2,019.75</u>

The Court denies the allowance in part of compensation for the indicated task(s) since the professional or paraprofessional expended an unreasonable amount of time on the task(s) in light of the nature of the task(s), the experience and knowledge of the professional performing the task(s), and the amount of time previously expended by the professional or another on the task(s). *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (Squires, J.) (compensation limited to 5%); *see also In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (*citing Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in nonbankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)). However, for applications for compensation that request total fees of $10,000.00 or less, this Court will allow compensation for the time devoted to the preparation of the fee application itself in the following manner: For the first $5,000.00 of total compensation requested, this Court will limit time devoted to preparation of the fee application to 10% of total compensation requested and will allow 5% of additional total compensation requested for time devoted to preparation of the fee application.

(4)      Duplication of Services – TOTAL of disallowed amounts: $ 330.00

The Court denies the allowance of compensation for services that duplicate those of another professional or paraprofessional. *See* 11 U.S.C. § 330(a)(4)(A)(i). Reduction in fees is warranted if multiple attorneys from the same firm appear in court on a motion or argument or for a conference, unless counsel adequately demonstrates that each attorney present contributed in some meaningful way. *In re Pettibone*, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("A debtor's estate should not bear the burden of duplication of services. If found in the record, such duplication shall be disallowed by the court as unnecessary."). It is also an accepted principle that generally no more than one attorney may bill for time spent in an intra-office conference or meeting absent an adequate explanation. *See In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991) (Sonderby, J.); *In re Pettibone*, 74 B.R. at 303; *But see In re MEP Infrastructure Sols., Inc.*, 654 B.R. 922, 925 (Bankr. N.D. Ill. 2023) (Goldgar, J.) (incorrectly citing *In re Stainless Sales Corp.*, Case No. 17 B 3148, 2017 WL 2829675, at *2 (Bankr. N.D. Ill. June 27, 2017) (Barnes, J.) for the proposition that intra-office meetings between multiple lawyers are never compensable when *Stainless* cites to *Pettibone* for the foregoing—that an application must "adequately demonstrate[] that each attorney present contributed in some meaningful way" and thus satisfy 11 U.S.C. § 330(a)(3)(D) by demonstrating that the meeting is "necessary" or "beneficial" and must have taken a "reasonable amount of time.").

Here the court notes that while counsel did not generally bill the Debtor for both attorneys' time when those attorneys consulted with each other (such double-billing would be disallowed at the time of the most expensive attorney in the consultation in keeping with the case law noted above), such consultations border on excessive. Each of the attorneys involved here has experience that is more than sufficient to make basic decisions without consulting the other.

Dated: January 22, 2026

_____
Judge Timothy A. Barnes
United States Bankruptcy Court

3

# GREGORY K. STERN, P.C.

*53 West Jackson Boulevard*
*Suite 1442*
*Chicago, Illinois 60604*

(312)-427-1558

|  |  |
|---|---|
|  | Statement Date: December 18, 2025 |
| Mooney | Statement No.  1 |
| 3823 North Alta Vista Terrace | Account No.  Mooney. |
| Chicago, IL  60613 |  |
|  | Page:      1 |

RE: Bankruptcy

## Fees

| Date | | Description | Hours | |
|---|---|---|---|---|
| 09/10/2025 | GKS | Telephone conference with KM re information/documents needed (.3) Telephone conference with JM re Ch 13 v Ch 11, small business debtor, information/documents (.5) | 0.80 | 520.00 |
| (1) Unauthorized work | | | | |
| 09/12/2025 | GKS | Review JM 9/12 email and 15 attachments including Chase business checking account statements, Capital 1 0677 and 7776 account statements - email to KM and JM re documents/information needed | 0.40 | 260.00 |
| (1) | | | | |
| 09/16/2025 | GKS | Review KM and JM emails and attachments - begin draft of petition, schedules a/b, c, d, e and f, sfa | 1.20 | 780.00 |
| | GKS | Conference call with JM and KM reviewing assets/liabilities, foreclosure pleadings, Ch 13 v Ch 11, JM v KM filing (1) Continuing review of documents, preparing case for filing, review and revise suggestion of bk, emails to JM re filing and info for schedules/schedule J, meeting with SK re KM pay advices and preparation of income spreadsheet (1.1) | 2.10 | 1,365.00 |
| (2) Lumping | | | | |
| 09/18/2025 | GKS | Review and consider KM email re objections to Gold Coast claim - reply email to KM and JM in response and outlining priorities and possible time periods involving claims | 0.10 | 65.00 |
| | MCO | Prepare income spreadsheet for Debtor's wife. | 0.40 | 220.00 |
| 09/22/2025 | MCO | Review draft of Schedules and SFA and foreclosure/mortgage docs (.30); email to Debtor with list of additional documents needed to complete required documents (.10) | 0.40 | 220.00 |
| | MCO | Meeting with GKS re: possible restructuring options in CHapter 13 Plan. | 0.20 | 110.00 |
| 09/24/2025 | MCO | Review POC 1 from OneMain Financial Group LLC | 0.10 | 55.00 |
| 09/26/2025 | MCO | Review POC 2 from IRS | 0.10 | 55.00 |

Mooney

Bankruptcy

| Date | | Description | Hours | |
|---|---|---|---|---|
| | MCO | Review additional documents from Debtor and update draft of Schedules and SFA (.60); emails to and from Debtor with additional questions and additional requests for documents (.20) | 0.80 | 440.00 |
| 09/29/2025 | MCO | Draft Motion to Extend Time to File Schedules and Other docs, Notice and ORder. | 0.70 | 385.00 |
| | MCO | Emails to and from Debtor requesting additional information. | 0.10 | 55.00 |
| 10/01/2025 | MCO | Draft Motion to Extend Time to File Schedules and other Documents, Notice and Proposed Order. | 0.60 | 330.00 |
| 10/02/2025 | MCO | Review business income/budget, Proof of Claim and foreclosure documents (.80); Update and finalize draft of Schedules, Statement of Financial Affairs and Statement of Monthly Income (.80). | 1.60 | 880.00 |
| | MCO | Draft Plan | 0.90 | 495.00 |
| | MCO | Email to Debtor transmitting draft of Bk docs for review and comments and request for additional information and confirming payment obligations | 0.20 | 110.00 |
| 10/03/2025 | GKS | Review draft of schedules, sfa and plan (.3) Telephone conference with MCO re same (.2) | 0.50 | 325.00 |
| 10/06/2025 | MCO | Emails and telephone conference with James and Kate Mooney re: proposed changes and revisions to Schedules and Plan, discussing various options for possible reduction of plan payments (.50); Update draft of Plan and final changes to Schedules (.50) | 1.00 | 550.00 |
| | MCO | Emails to and from Debtor requesting documents for Chapter 13 Trustee, including driver's license, ss card and tax returns. | 0.20 | 110.00 |
| 10/07/2025 | MCO | Emails to and from Debtor re: alternatives for SS card and need to confirm that tax returns will be filed in next 2 weeks. | 0.20 | 110.00 |
| 10/08/2025 | MCO | Appear at 341 meeting and request continuance. | 0.20 | 110.00 |
| | MCO | Filing letter to Debtor transmitting copies of all docs filed in the case and setting out payment obligation to mortgage lender and Chapter 13 Trustee. | 0.20 | 110.00 |
| 10/09/2025 | MCO | Court - Representation of Debtor at hearing on Motion to Extend Time to File Schedules and related docs and Trustee's Motions to Dismiss. | 0.90 | 495.00 |
| 10/13/2025 | MCO | Review of proof of Claim 3 from Merrick Bank | 0.10 | 55.00 |
| | MCO | Email to and from Debtor re: status of payments to mortgage lender and trustee and completion of tax returns. | 0.10 | 55.00 |
| 10/15/2025 | MCO | Review of Proof of Claim 4 from BMW bank of North America | 1.00 | 550.00 |
| | MCO | Review email re: proof of payment to Trustee; email to Debtor re: setting time to prep for 341 meeting. | 0.20 | 110.00 |
| 10/20/2025 | MCO | Telephone conference with Debtor and KM preparing for 341 meeting and discussing timing for completion of tax returns. | 0.30 | 165.00 |

(3) Unreasonable time

(4) Duplication of Services

(3)

(3)

Mooney

Bankruptcy

| | | | Hours | |
|---|---|---|---|---|
| 10/21/2025 (2) | GKS | Preparing for 341 - reviewing schedules, sfa and plan - Representation at 341 - Review ALemar email requesting copy of plan filed and reply email with plan | 0.50 | 325.00 |
| 10/29/2025 | GKS | emails from and to KM re status of filing of tax returns (.1) Review KM email re authorization and reply - emails to and form JM re 23/24 tax returns (.1) | 0.20 | 130.00 |
| 10/30/2025 (3) | GKS | emails to and from KM and JM re tax returns (.2) Reviewing 23 and 24 1040 returns and meeting with JO re uploading returns to Ch 13 T (.2) Court - Representation at hearing on confirmation and T's motion to dismiss (1.5) email to JM re status | 1.90 | 1,235.00 |
| 11/02/2025 | MCO | Draft authorization letter for Shellpoint. | 0.20 | 110.00 |
| | MCO | Draft Notice and Certificate of Service re: continued meeting of creditors. | 0.20 | 110.00 |
| 11/05/2025 | MCO | Review of Proof of Claim 5 from Bank of America | 0.10 | 55.00 |
| 11/19/2025 (3) | GKS | Review time sheets, draft application for final compensation, notice of motion and proposed order | 1.00 | 650.00 |
| | | For Current Services Rendered | 19.70 | 11,705.00 |

### Expenses

| | | | |
|---|---|---|---|
| 09/16/2025 | USBC Filing Fee | | 313.00 |
| | Total Expenses | | 313.00 |
| | Total Current Work | | 12,018.00 |

### Payments

| | | |
|---|---|---|
| 09/10/2025 | Payment | -5,500.00 |
| | Balance Due | $6,518.00 |